Timothy J. Fransen, OSB No. 073938
tfransen@cosgravelaw.com
COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:    (503) 323-9000
Facsimile:    (503) 323-9019

Ryan D. Watstein (*Pro Hac Vice* forthcoming)
ryan@wtlaw.com
Matthew A. Keilson (*Pro Hac Vice* forthcoming)
mkeilson@wtlaw.com
WATSTEIN TEREPKA LLP
75 14th Street NE, Suite 2600
Atlanta, GA 30309
Telephone:    (404) 783-0695

   Attorneys for Defendant Denny's, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of all person and entities similarly situated,<br><br>   Plaintiff,<br><br>  v.<br><br>DENNY'S, INC.,<br><br>   Defendant. | Case No. 3:26-cv-00342-JR<br><br>**DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES**<br><br>**DEMAND FOR JURY TRIAL** |

   Defendant Denny's, Inc. submits this answer and affirmative defenses to Plaintiff Leon Weingrad Class Action Complaint as follows:

### **Preliminary Statement**

   1.  Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on

Page 1 -  **DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' id. § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id*. § 2(9).

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, the law cited speaks for itself. Defendant denies any remaining allegations inconsistent therewith.

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

Page 2 -  **DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, the law cited speaks for itself. Defendant denies any remaining allegations inconsistent therewith.

3.      The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Denny's violated the TCPA by making telemarketing calls to Plaintiff, and other putative class members listed on the National Do Not Call Registry without their written consent, by making telemarketing calls without the accurate provision of Caller ID Name (CNAM), as well as calling people who had previously asked to no longer receive calls.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action under the TCPA, but denies any wrongdoing, denies that Plaintiff and the putative class are entitled to any relief or have any cause of action against Defendant whatsoever, and denies any remaining allegations in this paragraph.

### Parties

4.      Plaintiff Leon Weingrad has a 503- telephone number associated with this District, in Clackamas County.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

5.      Defendant Denny's is a Florida corporation with its headquarters and principal place of business in South Carolina.

**ANSWER:** Defendant admits only that it is a South Carolina entity with its principal place of business in South Carolina. Defendant denies any remaining allegations.

### Jurisdiction & Venue

6.      The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

Page 3 -  **DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, Defendant admits only that Plaintiff files suit under the federal TCPA. Defendant denies any remaining allegations.

7.     This Court has specific personal jurisdiction over Defendant because Defendant directed its conduct into Oregon by texting individuals with Oregon telephone numbers, including those, like Plaintiff, possessing 503- area code numbers, which are associated with this District.

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

8.     Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls to the Plaintiff were sent into this District.

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations.

**The Telephone Consumer Protection Act**

9.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, the law cited speaks for itself. Defendant denies any remaining allegations inconsistent therewith.

Page 4 -  **DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

The National Do Not Call Registry

10.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, the regulation cited speaks for itself. Defendant denies any remaining allegations inconsistent therewith.

11.     A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, the regulation cited speaks for itself. Defendant denies any remaining allegations inconsistent therewith.

12.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, the law and regulation cited speak for itself. Defendant denies any remaining allegations inconsistent therewith.

The TCPA Also Requires Telemarketers to Transmit Caller Identification Information Including the Telemarketer's Name.

13.     The TCPA requires any "person or entity that engages in telemarketing" to transmit caller identification information." 47 C.F.R. § 64.1601(e).

Page 5 -  **DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, the law cited speaks for itself. Defendant denies any remaining allegations inconsistent therewith.

14. The relevant regulation defines "caller identification information" as "either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47C.F.R. § 64.1601(e)(1).

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, the regulation cited speaks for itself. Defendant denies any remaining allegations inconsistent therewith.

15. A violation of this subsection of the TCPA is enforceable under the private right of action provided for under 47 U.S.C. § 227(c)(5)'s private right of action. *Dobronski v. Selectquote Ins. Servs*., No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025).

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations.

### Factual Allegations

16. Plaintiff Weingrad is, and at all times mentioned herein was, a natural person.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

17. Plaintiff's telephone number, (503) XXX-XXXX, is a non-commercial telephone number not associated with any business.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

18. Plaintiff uses the telephone number for personal, residential, and household purposes only.

Page 6 -  **DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

19.    The telephone number is assigned to a telephone exchange service for consumers and not a telephone service for businesses.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

20.    Plaintiff never consented to receive telemarketing text messages from Defendant Denny's.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

21.    In fact, on November 1, 2025, the Plaintiff indicated to Defendant that it was likely communicating with a wrong number, but the messages continued, including multiple messages for months after he indicated it was a wrong number.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

22.    Moreover, on November 20, 2025, the Plaintiff sent a response, "No more texts please. This is disturbing my life," but the calls continued.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

23.    Plaintiff indicated that the messages were not intended for him and that he did not wish to receive them.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

24.    Plaintiff's responses clearly communicated that Plaintiff was not the intended recipient and did not wish to receive further text message calls.

Page 7 -  **DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

25.    Plaintiff never did business with Defendant Denny's at any time in at least the past four years and never knowingly provided Defendant with his telephone number.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

26.    Despite that fact, Plaintiff received at least 14 telemarketing text message calls from Defendant from the telephone number and transmitted the Caller ID, in the form of both CPN and ANI, as 42693 between August 27, 2025 and at least January 2026.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

27.    The messages continue through the filing of this suit.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

28.    It is not possible to call that 42693 number back to lodge a Do Not Call request during regular business hours.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

29.    It is not possible to send a text message to that number and lodge a Do Not Call request during regular business hours, as Plaintiff did so and was ignored.

**ANSWER:** Denied

30.    Nor will anybody texting or calling that telephone number receive an alternate number to call to lodge a Do Not Call request during regular business hours.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

Page 8 -  **DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

31.     As such, the caller ID information transmitted along with the text message did not transmit a telephone number that permits "any individual to make a do-not-call request during regular business hours."

**ANSWER:** Denied.

32.     Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, denied.

33.     The text messages promoted Defendant Denny's products, discounts, limited-time offers, and dining opportunities, for example:

- 09/08/2025 4:09:04 PM 42693 Denny's: Use secret code WAFFLEWEEK to score a BOGO entrée! Details here: https://brz.ai/10Yfc Reply HELP for help or STOP to cancel

- 09/18/2025 3:41:59 PM 42693 Denny's: Don't fumble your chance to save! Get $10 off $30 when you order online with code FOOTBALLSBACK. Valid Sep 18-22.Reply HELP for help or STOP to cancel

- 10/14/2025 7:02:54 PM 42693 Denny's Save BIG tonight! Take $10 off $30 between 4pm & 4am with Denny's Rewards. Offer ends 10/28. Don't miss it! Reply HELP for help or STOP to cancel.

- 10/17/2025 3:43:06 PM 42693 Denny's: Order the Good Fortune Burger or Budget Angel Chicken Nuggies online to get your Booth Reward. Offer ends 10/28. Reply HELP for help, STOP to cancel.

- 10/24/2025 3:49:05 PM 42693 Denny's: If someone hits a grand slam, you win a Grand Slam®! 012.See email on 11/3 for a BIG DEAL from Denny's Rewards. Reply HELP for help or STOP to cancel.

Page 9 - **DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

- 10/31/2025 3:17:39 PM 42693 Denny's: Trick or Eat! Save $10 off $30 when you order online and use code SPOOKY. Offer ends 11/2/25. 34567 Reply HELP for help or STOP to cancel.

- 11/14/2025 3:11:04 PM 42693 Denny's: FREE FOOD! Every day from 4-10pm, kids eat FREE at participating Denny's with the purchase of an adult entrée. Reply HELP for help or STOP to cancel.

- 11/20/2025 4:55:15 PM 42693 Denny's: Yay! Kids eat FREE with purchase of an adult entrée. Valid daily 4-10pm at participating Denny's. Reply HELP for help or STOP to cancel.

- 11/20/2025 4:55:17 PM 42693 Denny's: Yay! Kids eat FREE with purchase of an adult entrée. Valid daily 4-10pm at participating Denny's. Reply HELP for help or STOP to cancel.

- 12/12/2025 3:23:52 PM 42693 Denny's: Score a $5 BONUS COUPON when you buy a $25 gift card. Buy now at https://brz.ai/1Ld2v Offer ends 12/26. Reply HELP for help or STOP to cancel

- 12/16/2025 3:41:07 PM 42693 Denny's: Sticky Kicks drop tomorrow! Your early access code arrives at 11am EST, giving you 1 hour to shop for shoes before the general public. Reply HELP for help or STOP to cancel.

- 12/17/2025 11:19:01 AM 42693 Denny's: It's Sticky Kicks time! Head to https://brz.ai/q9CyA and use code "SHOESTACK" to get 1 hour of early access. Reply HELP for help or STOP to cancel.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

34. The messages advertised various promotions and sometimes included shortened hyperlinks directing Plaintiff to Defendant's website.

Page 10 - **DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

35.    The messages were sent for the purpose of encouraging the purchase of Defendant's food and related products.

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

36.    Despite that communication that Defendant was contacting a wrong number and for no more messages, Defendant continued sending telemarketing text messages to Plaintiff.

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

37.    Defendant sent additional promotional messages to Plaintiff on at least November 14, 2025; November 20, 2025 (twice); November 22, 2025; December 12, 2025; December 16, 2025; and December 17, 2025.

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

38.    The continued messages included promotional sales alerts, holiday discounts, urgency-based offers, and links encouraging immediate purchases.

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, Defendant lacks knowledge or

Page 11 -  **DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

39.     Plaintiff never consented to receive messages from Defendant.

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

40.     Plaintiff never requested that the messages continue.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

41.     The text message calls were unwanted.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

42.     The calls constituted repeated, nonconsensual intrusions upon Plaintiff's cellular telephone.

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

43.     The calls occupied Plaintiff's phone storage and bandwidth and disrupted Plaintiff's daily activities.

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

44.     Plaintiff found the messages frustrating, annoying, and intrusive.

Page 12 -  **DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

45.    The calls invaded Plaintiff's privacy and interfered with the use and enjoyment of his cellular telephone.

**ANSWER:** Denied.

46.    The calls were sent to generate sales, increase traffic to Defendant's website and restaurants, and promote Defendant's products and brand.

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

47.    Defendant used its trade name, trademarks, branding, promotional language, and website links in the text messages.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

48.    Defendant benefitted from the messages by promoting sales, advertising products, and driving consumer engagement.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

49.    Defendant continued sending messages despite Plaintiff's clear indication that the messages were unwanted.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

50.    Plaintiff was harmed by Defendant's conduct because the repeated, unwanted text message calls were frustrating, annoying, and intrusive, invaded Plaintiff's privacy, occupied his

Page 13 -  **DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

cellular telephone's storage and bandwidth, disrupted his daily activities, and interfered with the use and enjoyment of his cellular telephone.

**ANSWER:** Denied.

### Class Action Statement

51.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

**ANSWER:** Defendant incorporates by reference all other paragraphs of this Answer as if fully stated herein.

52.     Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3) and Oregon Local Rule 23-2.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action under the TCPA, but denies any wrongdoing, denies that Plaintiff and the putative class are entitled to any relief or have any cause of action against Defendant whatsoever, and denies any remaining allegations in this paragraph.

53.     Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

**National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendants encouraging the purchase of their goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendants (or a third-party acting on behalf of Defendants) sent (2) two or more telemarketing calls in a 12-month period, (3) which either (a) did not transmit caller identification information that included either CPN or ANI and the Defendants' or telemarketer's name, (b) did not transmit a valid CPN or ANI at all, or (c) transmitted a CPN or ANI that would not have allowed an individual to make a do not call request to Defendants during regular business hours, (4) within the four years prior to the filing of the Complaint.

Page 14 -  **DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

**Internal DNC Class:** All persons within the United States to whom: (1) Defendants (or a third-party acting on behalf of Defendants) sent (2) two or more telemarketing calls in a 12-month period, (3) who were not current customers of the Defendants at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on behalf of himself and certain classes pursuant to Rule 23. Except as expressly admitted herein, Defendant denies the allegations in this Paragraph and denies that this case is an appropriate vehicle for a class action.

54.    Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

**ANSWER:** Defendant denies the allegations in this Paragraph and denies that this case is an appropriate vehicle for a class action.

55.    Excluded from the Classes are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**ANSWER:** Defendant admits only that Plaintiff purports to bring this action on behalf of the putative classes defined and clarified in this paragraph. Defendant denies the remaining allegations in this paragraph and expressly denies that any action or putative class is authorized by Federal Rule of Civil Procedure 23, that this action is certifiable as a class action, and that the proposed classes meet the requirements of Federal Rule of Civil Procedure 23.

56.    Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

**ANSWER:** Denied.

57.    This Class Action Complaint seeks injunctive relief and money damages.

Page 15 -  **DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

**ANSWER:** Defendant admits only that this Class Action Complaint seeks injunctive relief and money damages. Defendant denies the remaining allegations in this paragraph and expressly denies that any action or putative class is authorized by Federal Rule of Civil Procedure 23, that this action is certifiable as a class action, and that the proposed classes meet the requirements of Federal Rule of Civil Procedure 23.

58.    The Classes as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

**ANSWER:** Denied.

59.    Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

**ANSWER:** Denied.

60.    The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

**ANSWER:** Denied.

61.    Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

**ANSWER:** Denied.

62.    There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

**ANSWER:** Denied.

63.    There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

a.    Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

Page 16 -  **DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

b.    whether Defendant made multiple calls to Plaintiff and members of the Internal Do Not Call Registry Class;

c.    whether Defendant transmitted CPN or ANI, and whether that CPN or ANI would have allowed a called party to lodge a do not call request during regular business hours;

d.    Whether Defendant's conduct constitutes a violation of the TCPA; and

e.    Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

**ANSWER:** Defendant denies the allegations in this Paragraph, including subparts (a) through (e), and denies that this case is an appropriate vehicle for a class action.

64.    Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

**ANSWER:** Defendant denies the allegations in this Paragraph and denies that this case is an appropriate vehicle for a class action.

65.    Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

**ANSWER:** Defendant denies the allegations in this Paragraph and denies that this case is an appropriate vehicle for a class action.

66.    Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or any of their agents or vendors.

**ANSWER:** Defendant denies the allegations in this Paragraph and denies that this case is an appropriate vehicle for a class action.

Page 17 -  **DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

67.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**ANSWER:** Defendant denies the allegations in this Paragraph and denies that this case is an appropriate vehicle for a class action.

68.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**ANSWER:** Defendant denies the allegations in this Paragraph and denies that this case is an appropriate vehicle for a class action.

## FIRST CAUSE OF ACTION

### Violation of the Telephone Consumer Protection Act

### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)

69.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

**ANSWER:** Defendant incorporates by reference all other paragraphs of this Answer as if fully stated herein.

70.     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

**ANSWER:** Denied.

71.     Defendants' violations were negligent, willful, or knowing.

**ANSWER:** Denied.

72.     As a result of Defendant's and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf,

Page 18 -  **DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

**ANSWER:** Denied.

73.    Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**ANSWER:** Denied.

## SECOND CAUSE OF ACTION

### Violation of the TCPA 47 U.S.C. § 227

### (On behalf of Plaintiff and the Telemarketing Caller ID Class)

74.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**ANSWER:** Defendant incorporates by reference all other paragraphs of this Answer as if fully stated herein.

75.    It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations.

76.    It is a violation of the TCPA to transmit a CPN or ANI that does not allow any individual to make a do-not-call request during regular business hours. 47 C.F.R. § 64.1601(e)(1).

Page 19 -  **DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations.

77.    Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telemarketing calls to be initiated to Plaintiff and members of the Telemarketing Caller ID Class in a 12-month period, without providing a CPN or ANI that allowed any individual to make a do-not-call request during regular business hours.

**ANSWER:** Denied.

78.    These violations were willful or knowing.

**ANSWER:** Denied.

79.    As a result of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's telemarketing Caller ID transmission requirement, Plaintiff and members of the Telemarketing Caller ID are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

**ANSWER:** Denied.

80.    Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:** Denied.

### THIRD CAUSE OF ACTION

**Violations of the Telephone Consumer Protection Act**

**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d) on behalf of Plaintiff and the Internal Do Not Call Class)**

81.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**ANSWER:** Defendant incorporates by reference all other paragraphs of this Answer as if fully stated herein.

Page 20 -  **DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

82.    The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

**ANSWER:** Denied.

83.    Defendant's violations were negligent, willful, or knowing.

**ANSWER:** Denied.

84.    As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

**ANSWER:** Denied.

85.    In response to Plaintiff's demand for a jury trial, Defendant admits only that Plaintiff requests a jury trial but denies that any of the allegations set forth in the Complaint allege triable issues against Defendant.

## GENERAL DENIAL

86.    Defendant denies all allegations outlined in the Complaint that are not specifically admitted here, including any purported allegations in the Prayer for Relief, and further denies that Plaintiff is entitled to class certification, appointment as class representative or counsel, damages, equitable relief, injunctive relief, declaratory relief, pre- and post-judgment interest, fees, costs, or any relief whatsoever.

## AFFIRMATIVE DEFENSES

87.    Defendant asserts the following defenses to the claims and allegations set forth in the Complaint. By asserting these defenses, Defendant does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

Page 21 -  **DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

88.     The Complaint fails to allege facts sufficient to state a cause of action against Defendant. For example, the TCPA does not provide a cause of action based on alleged violations of 47 C.F.R. § 64.1601(e)(1).

**SECOND AFFIRMATIVE DEFENSE**

**(Residential Number and/or Business Use)**

89.     Plaintiff's claims are barred to the extent his number or the putative class members' numbers are not residential and/or used for business reasons.

**THIRD AFFIRMATIVE DEFENSE**

**(Prior Express Consent/Prior Invitation or Permission)**

90.     Plaintiff and the putative class members are barred from asserting their claims in whole or in part because the calls at issue were sent with the recipients' prior express written permission and/or consent, and that consent was either irrevocable or was not effectively revoked.

**FOURTH AFFIRMATIVE DEFENSE**

**(Acquiescence, Estoppel, Waiver, Fraud, Conspiracy, and Unclean Hands)**

91.     Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, fraud, conspiracy, and/or unclean hands.  For example, Plaintiff cannot assert claims under the TCPA against Defendant to the extent he or others voluntarily provided telephone numbers for the purpose of receiving calls like the ones referenced in the Complaint. The same is true to the extent Plaintiff or others attempted to avoid reply STOP to generate additional communications from Defendant.

Page 22 -  **DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

92.     Plaintiff and the putative class members are barred from asserting their claims in whole or in part by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

93.     Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate their purported damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Knowing or Willful Misconduct)

94.     Any claim for treble damages or penalties is barred because Defendant did not engage in knowing or willful misconduct.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

95.     Defendant did not proximately cause any damages, injuries, or violations alleged in the Complaint.  Instead, to the extent any harm occurred, the acts of third parties (such as vendors, Plaintiff, or other persons who provided the numbers on which Plaintiff allegedly received calls) proximately caused any damages, injuries, or violations at issue, to the extent they occurred at all.

## NINTH AFFIRMATIVE DEFENSE

### (Standing)

96.     Plaintiff and the putative class members lack standing to bring the claims alleged in the Complaint, especially against Defendant because any harm allegedly caused by the calls at issue (which Defendant denies) is not fairly traceable to any violation allegedly committed by Defendant, and because Plaintiff may not have suffered any Article III harm pursuant to

Page 23 -  **DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

*Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015) and *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) (particularly with respect to the putative classes he seeks to represent).

## TENTH AFFIRMATIVE DEFENSE

### (No Agency or Vicarious Liability and Proportional Allocation of Fault)

97.     Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Defendant cannot be held vicariously liable. Further, Defendant did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct of which the Complaint complains and cannot be held liable for it.  As such, Defendant cannot be held vicariously liable.  And even if it could, its liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

98.     The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law.  For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (First Amendment)

99.     The TCPA and the regulations and rules promulgated thereunder violate the First Amendment of the United States Constitution.  For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

100.     The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on Defendant, would violate the Due Process provisions of the United States Constitution.  For example, certain definitions contained in the statute are

Page 24 -  **DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiff are excessive, severe, and oppressive, particularly to the extent Plaintiff seeks them on a class-wide basis. Thus, both statutes violate Due Process, facially and as applied.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No "Call" and No Call "Made")**

101.    Defendant did not make any "telephone call" to Plaintiff, as that term is used in the TCPA, 47 U.S.C. § 227(c).

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Personal Jurisdiction and Improper Venue)**

102.    Plaintiff and the putative class members (if any) are barred from asserting claims in this jurisdiction to the extent the Court lacks personal jurisdiction and to the extent venue is improper, including under *Bristol-Myers Squibb Co. v. Super. Ct. of Calif., San Francisco Cty.*, 582 U.S. 255 (2017).

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Established Business Relationship)**

103.    Any and all TCPA claims brought in the Complaint are barred by an established business relationship with the caller.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Charge)**

104.    Plaintiff was not "charged for the call" with respect to the calls at issue in this lawsuit, as that term is used in the TCPA.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Hobbs Act)**

105.    The Hobbs Act cannot validly or constitutionally be applied to preclude Defendant from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

Page 25 -  **DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

## NINETEENTH AFFIRMATIVE DEFENSE

### (Subject to Terms, including Arbitration and Damages Limitation)

106.    To the extent that Plaintiff and/or the putative class agreed to or are otherwise bound by certain terms and conditions, their claims are barred by their contractual consent to receive telephone calls and messages like those Plaintiff complains of, an agreement to arbitrate their claims on an individual basis, and their agreement to exclusive remedies and damages limitations.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Substantial Compliance with Laws)

107.    Defendant is not liable to Plaintiff because Defendant acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Reasonable Practices and Procedures)

108.    Any and all claims brought in the Complaint are barred in whole or in part because Defendant has established and implemented reasonable practices and procedures to prevent violations of the TCPA.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (One Call)

109.    Any and all claims brought in the Complaint are barred in whole or in part to the extent Plaintiff or the putative class members did not receive more than one call within any 12-month period by or on behalf of Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Bona Fide Error and Reasonable Practices)

110.    Any and all claims brought in the Complaint are barred in whole or in part because, to the extent there was any violation of the TCPA and related regulations (which is

Page 26 -  **DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

denied), any such violation was not intentional and resulted from a *bona fide* error. Such claims are also barred in whole or in part because Defendants have established and implemented reasonable practices and procedures to prevent violations of the TCPA and related regulations, and trained personnel on the same.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Good Faith)

111.    Any and all claims brought in the Complaint are barred because Defendant possessed a good faith belief that it had consent to call the number at issue.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (FCC Exceeding Delegated Authority)

112.    Plaintiff's TCPA claims are barred to the extent they are based on regulations or rulings that exceed the FCC's delegated authority.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Immediate Threat of Future Injury)

113.    Plaintiff's request for injunctive relief is barred with respect to any alleged TCPA claims as the alleged violations are not likely to recur.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Class Action Deficiencies)

114.    Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action.  Further, Defendant gives notice that in the event that this Court certifies any class, which Defendant denies would be appropriate, it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of any such class.

Page 27 -  **DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Assert Further Defenses)

115.    Defendant has not knowingly or intentionally waived any applicable defenses and gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action.  Defendant reserves the right to amend its Answer to assert any such defense.

### <u>PRAYER FOR RELIEF</u>

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing from Defendant by reason of this Complaint, and that judgment be entered in favor of Defendant;

2.    For dismissal of the Complaint with prejudice;

3.    That the Court award Defendant costs and reasonable attorneys' fees;

4.    For such other relief as the Court deems just and proper.

DATED: April 16, 2026

COSGRAVE VERGEER KESTER LLP


*s/ Timothy J. Fransen*

Timothy J. Fransen, OSB No. 073938
tfransen@cosgravelaw.com
Telephone: 503-323-9000
Facsimile: 503-323-9019

Ryan D. Watstein (*Pro Hac Vice* forthcoming)
ryan@wtlaw.com
Matthew A. Keilson (*Pro Hac Vice* forthcoming)
mkeilson@wtlaw.com
WATSTEIN TEREPKA LLP
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: 404-783-0695

Attorneys for Defendant Denny's, Inc.


Page 28 -  **DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing **DEFENDANT DENNY'S INC.'S ANSWER AND AFFIRMATIVE DEFENSES** on the date indicated below by:

☐　　mail with postage prepaid, deposited in the US mail at Portland, Oregon,

☐　　hand delivery,

☐　　facsimile transmission,

☐　　overnight delivery,

☒　　electronic filing notification.

If served by facsimile transmission, attached to this certificate is the printed confirmation of receipt of the documents generated by the transmitting machine. I further certify that said copy was placed in a sealed envelope delivered as indicated above and addressed to said attorney at the address listed below:

Andrew Roman Perrong
Perrong Law LLC
2657 Mt. Carmel Ave.
Glenside, PA 19038
a@perronglaw.com

*Attorneys for Plaintiff*

DATED:　April 16, 2026

*s/ Timothy J. Fransen*
Timothy J. Fransen

Page 1 – **CERTIFICATE OF SERVICE**